IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ERIC EMERY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1744-B |
| | § | |
| FEDERAL BUREAU OF PRISONS | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner James Eric Emery, an inmate at FCI Seagoville, seeks a writ of habeas corpus to compel his transfer to home confinement or a Community Corrections Center.[1] For the reasons stated herein, the application should be denied.

A prisoner does not have a constitutional right to incarceration in a particular place or at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 1745-56, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). This is an administrative decision left to prison officials and is not actionable under 28 U.S.C. § 2241. *See Beck v. Wilkes*, 589 F.2d 901, 907 (5th Cir.), *cert. denied*, 100 S.Ct. 90 (1979); *Hutchens v. Alabama*, 466 F.2d 507, 508 (5th Cir. 1972). The Bureau of Prisons has the authority to assign petitioner to any institution until his sentence expires. Consequently, this ground for relief is without merit and should be overruled. *See Cheney v. United States*, No. 3-04-CV-2207-L, 2004 WL 2512266 at *1 (N.D. Tex. Nov. 5, 2004), *rec. adopted in part*, 2004 WL 2958390 (N.D. Tex.

---

[1] The pleading filed by petitioner is entitled "Motion to Correct Execution of Sentencing Pursuant to 28 U.S.C. § 2241." Because petitioner is challenging a BOP decision to place him in a federal prison instead of on home confinement or in a Community Corrections facility, the court treats the motion as one for habeas relief.

Dec. 20, 2004) (dismissing habeas petition seeking transfer to halfway house); *DaMommio v. Van Buren*, No. 3-04-CV- 1261-L, 2004 WL 1402574 (N.D. Tex. Jun. 22, 2004) (same); *Dolgiej v. Haro*, No. 3-04-CV-0147-H, 2004 WL 243027 at *1 (N.D. Tex. Feb. 3, 2004), *rec. adopted*, 2004 WL 637936 (N.D. Tex. Feb. 19, 2004) (same).

## RECOMMENDATION

It plainly appears from the face of the pleadings that petitioner is not entitled to relief. Accordingly, his application for writ of habeas corpus should be summarily denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 4, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE